# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | 2:06-CR-396 JCM (LRL) |
|---|---|
| Plaintiff, | |
| v. | Date: N/A |
| EZRA HALLOCK, | Time: N/A |
| Defendant. | |

# ORDER

Presently before the court are defendant Ezra Hallock's motion for acquittal pursuant to Fed. R. Crim. P. 29 (Doc. #130) and motion for a new trial pursuant to Fed. R. Crim. P. Rule 33 (Doc. #131). The government filed an opposition to the motion for acquittal (Doc. #132) and an opposition to the motion for a new trial. (Doc. #133). To date, defendant has not filed a reply to either motion.

Before trial, Magistrate Judge Leavitt granted defendant's motion to suppress certain statements made by him during the initial search of his property. (Doc. #68). At trial, a jury found defendant guilty on charges of receipt and possession of child pornography in violation of 18 U.S.C. § 2252(a). Special Agent Laura Hodgdon, a law enforcement officer who executed the search warrant on defendant's home, testified at trial on behalf of the government.

Defendant may file a motion for judgment of acquittal following the announcement of the jury's verdict. Fed. R. Crim. P. 29. In considering a Rule 29 motion, the court must view the trial evidence in the light most favorable to the jury's verdict. *Id.* The district court's power to grant a motion for a new trial is broader than its power to grant an acquittal pursuant to Rule 29. *United*

**James C. Mahan**
**U.S. District Judge**

1  *States v. Alston* 974 F.2d 1206, 1211 (9th Cir. 1992). In deciding a motion for a new trial, the district court is free to weigh the evidence and evaluate for itself the credibility of the witnesses. *Id.* If the court concludes that the evidence preponderates sufficiently heavily against the verdict such that a serious miscarriage of justice may have occurred, it may grant a new trial. *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000).

Defendant asserts two reasons why he is entitled to an acquittal or a new trial. First, defendant contends that the government admitted previously suppressed evidence. (Doc. #131). Plaintiff also claims that the guilty verdict was based on insufficient evidence. (*Id.*)

First, defendant's claim that the government admitted previously suppressed evidence is without merit. A defendant may not use a suppressed statement as a tool to create a false impression before the jury. *United States v. Segall*, 833 F.2d 144, 148 (9th Cir. 1987).  During cross-examination, defense counsel asked Special Agent Hodgdon if she had specific knowledge that defendant operated on the internet as "camguyalone." (Doc. #134, pg 26, ln 18-23.) Hodgdon answered that she did, due to defendant's statements to her. (*Id* at ln 24.) Hodgdon could not have answered the question truthfully without referring to defendant's suppressed statement. Hodgdon directly answered defense counsel's questions and did not testify regarding defendant's other admissions during the execution of the search. The government did not further question Hodgdon about the other details of defendant's statement.(Doc. #132). Hodgdon truthfully responded to defense counsel's question. A different answer almost certainly would have created a false impression before the jury.

Second, despite defendant's claim, the evidence is sufficient to prove that he knowingly possessed and received child pornography. The evidence provided by the government demonstrated that defendant solicited child pornography images from Michael Janosko, and traded child pornography images with him. The government found child pornography images and videos on five separate hard drives in defendant's residence–including those used exclusively by defendant. The evidence showed that defendant used the hard drives on which the child pornography was found and that no files related to anyone other than defendant were found on these hard drives. Additionally

**James C. Mahan**
**U.S. District Judge**

- 2 -

the quantity of pornography and defendant's ability to access the storage of the images circumstantially established defendant's knowing receipt of child pornography. *See United States v. Romm*, 455 F.3d 990, 997-1001 (9th Cir. 2006) (detailing variety of ways in which circumstantial evidence may support a finding of knowing receipt of child pornography).

Accordingly, this court does not find persuasive defendant's arguments in support of acquittal or a new trial.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for a judgment of acquittal (Doc. #130) is DENIED.

IT IS FURTHER ORDERED that defendant's motion for a new trial (Doc. #131) is DENIED.

DATED this 15th day of July, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**