# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>EZRA HALLOCK,<br><br>    Defendant. | 2:06-CR-396 JCM (LRL) |

# ORDER

Presently before the court is defendant Ezra Hallock's motion to dismiss the indictment in this case. (Doc. # 191). The government filed a response in opposition (doc. # 198) and defendant filed a reply (doc. # 199).

On May 19, 2010, following a jury trial, defendant was convicted of receiving and possessing child pornography. (Doc. # 124). On September 7, 2010, defendant was sentenced to 180 months in custody. Defendant, now representing himself *pro se*, moves for the court to dismiss the indictment (doc. # 1) due to the fact that the government has been unable to provide a complete transcript of the grand jury proceedings in this matter.

After a diligent attempt to locate the records of the grand jury proceedings, the government has been able to produce only the testimony of Agent Hodgdon. The government states that the prosecutor who presented the case to the grand jury no longer works for the government, and it is unclear if the prosecutor made any statements to the grand jury that were not recorded. (Doc. # 198).

. . .

**James C. Mahan**
**U.S. District Judge**

While it is unfortunate that the government has been unable to locate the entire transcript of the grand jury proceedings, the law clearly holds that "the validity of a prosecution is not affected by the unintentional failure to make a recording" of a grand jury proceeding. Fed. R. Crim. P. 6(e)(1); *see United States v. Lamoureux*, 711 F.2d 745, 747 (6th Cir. 1983) (inadvertent loss of a grand jury transcript does not require dismissal of the indictment).

Because defendant presents no other argument or any evidence calling the indictment into question, its validity is not in doubt. Therefore, defendant's motion to dismiss will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion to dismiss the indictment in this case (doc. # 191) be, and at the same time hereby is, DENIED.

IT IS FURTHER ORDERED that defendant's motion for a status check (doc. # 202) is DENIED as moot.

DATED March 3, 2014.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -